[Civ. No. 9553.   Third Dist.   Aug. 12, 1959.]

FRANK W. BABCOCK, Appellant, v. CRAFTS 20 BIG SHOWS, INC. (a Corporation) et al., Respondents.

Austin Clapp for Appellant.

Charles Bagby for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment based upon an order sustaining a demurrer to plaintiff's amended complaint without leave to amend.

In substance the complaint alleges the following: Plaintiff and the defendants are all engaged in the business of buying exclusive privileges for supplying carnival attractions to various fairs and community celebrations in California. Prior to December, 1956, they were all in competition with each other and their position in the business was such that among them they did about 80 percent of the total business in the state. Competition was keen. During the year prior to the commencement of this action the defendants conspired and agreed to combine their capital and skill, with the purpose of creating and carrying out competitive restrictions in the business. To accomplish this they intended, by combining, to drive plaintiff out by making it financially impossible for him to compete with them, and then having thus come into a position of dominance and control they intended to fix and maintain unreasonably low prices for the privilege of supplying carnival attractions. Accordingly, they conspired and agreed that they would not bid for the privilege of furnishing carnival attractions in competition with each other, but would bid jointly, making unreasonably low bids if plaintiff did not bid, but if he did bid then they would jointly bid higher even though their joint bid would be at such a price as to permit little or no profit to them. Having so conspired, and plaintiff having bid for the privilege of supplying carnival attractions for the State Fair in 1957, the defendants submitted their joint bid substantially higher than plaintiff's bid, which they would not have done save for such plan and thereby obtained the privilege to plaintiff's damage in the sum of $50,000 through his loss of the privilege.

Section 16720 and following of the Business and Professions Code (the Cartwright Act) contain California's legislation banning combinations of capital, skill or acts in restraint of trade or commerce. Section 16720 provides that:

"A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes:

"(a) To create or carry out restrictions in trade or commerce.

"(.          .    .    .    .    .    .    .    .    .    .    .    .    .

"(c) To prevent competition in . . . sale or purchase of . . . any commodity."

▮    The allegations are sufficient to state a violation of the statutes. They show a combination formed with the intent to arbitrarily use its combined power to force weaker competitors out of business. If the combination is successful it will stifle, or at least lessen materially, competition in the business. Clearly had the four parties combined they would be in a position of dominance in the field. The same effect will be reached if the purposes of the combination of three former competitors succeed in eliminating the fourth.

▮    ". . . [I]f it [the combination] arbitrarily used its power to force weaker competitors out of business, . . . it puts a restraint upon . . . commerce." (*United States* v. *E. I. Du Pont de Nemours & Co.*, 188 F. 127, 151.)

▮    ". . . [P]laintiff does have the right to have its business protected if there is concert of action directed at plaintiff, which results in its removal from competition.

▮    ". . . A suppression of competition necessarily restrains commerce. . . . The purpose of the anti-trust laws . . . is thwarted if group-power is utilized to eliminate a competitor who is equipped to compete." (*William Goldman Theatres, Inc.* v. *Loew's, Inc.*, 150 F.2d 738, 742, 743.)

▮    The purpose of the combination was to restrict competition by (1) combining three of the dominant competitors in the field and (2) eliminating the fourth. The combination made and maintained with those ends in view was unlawful.

A serious question is presented concerning the right of plaintiff to maintain the action. The enforcement of the legislation banning monopolistic combinations is committed in the main to the attorney general and to the district attorneys. Section 16750 sets up the conditions under which private actions can be maintained and limits such actions to persons who have been injured in business or property "by reason of anything forbidden or declared unlawful" by the statutes. Such persons may sue to recover two-fold the damages sustained by them. Although the difficulties of proof may prove insurmountable we are not here concerned with that feature. Plaintiff has alleged that pursuant to the purposes of the

combination respondents would have submitted a bid of $106,500 had plaintiff made no bid. But when plaintiff bid $117,500 then respondents submitted a bid of $132,500. He alleges that, but for the combination and the unlawful intent to drive him out of business, he would have been the high bidder and would have obtained the privilege; that by being unlawfully deprived of it he suffered damages in the sum of $50,000. We think there was here a sufficient pleading of injury by reason of the acts of the respondents to meet the test of a general demurrer.

Accordingly, the judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 7, 1959.